```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
                                                    DOC #:_____
UNITED STATES DISTRICT COURT                        DATE FILED: 8/25/2022
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
RAMON JAQUEZ, Individually, and On                  :
Behalf of All Others Similarly Situated,            :   22-CV-2568 (VEC)
                                                    :
                                Plaintiff,          :          ORDER
                -against-                           :
                                                    :
3WISHES.COM, INC.,                                  :
                                                    :
                                Defendant.          :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS Plaintiff commenced this action on March 30, 2022, alleging a violation of, *inter alia*, the Americans with Disability Act ("ADA") for failure to make its website accessible to visually impaired persons, Dkt. 1;

WHEREAS to establish constitutional standing, a plaintiff must adequately allege (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (internal quotation marks omitted);

WHEREAS the Court may raise the question of standing *sua sponte* because standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction. *See Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005);

WHEREAS a plaintiff bringing a claim pursuant to the ADA has standing to sue for injunctive relief if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013); a plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong, *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted);

WHEREAS in *Calcano*, the Second Circuit held that "Plaintiffs' conclusory, boilerplate allegations" that they were injured by Defendants' failure to accommodate visually impaired plaintiffs "fail to establish standing," *id.* at 71; and

WHEREAS the allegations in the complaint in this action likely fail adequately to allege standing, as they are just as, if not more, conclusory as the allegations in the complaints at issue in *Calcano*.

IT IS HEREBY ORDERED that, by no later than **September 8, 2022**, Plaintiff must file an amended complaint that adequately alleges standing or show cause as to why the case should not be dismissed for lack of standing.

**SO ORDERED.**

**Date:  August 25, 2022**
       **New York, New York**

    VALERIE CAPRONI
    United States District Judge